UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| LOUIS CHANDLER, #963822, ) | |
| Petitioner, ) | |
| ) | No. 2:19-cv-263 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| JACK KOWALSKI, ) | |
| Respondent. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Louis Chandler filed this lawsuit under 28 U.S.C. § 2254. Chandler seeks federal habeas review of his state conviction. The Magistrate Judge issued a report recommending the Court deny the petition (ECF No. 13). Chandler filed objections (ECF No. 14). The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. Chandler objects to the Magistrate Judge's conclusion that the Michigan Court of Appeals' decision was not an unreasonable application of clearly established federal law or made an unreasonable determination of the facts. "Rushing to trial and striking over 20

defense witnesses denied Mr. Chandler" the right to present his defense (ECF No. 14 PageID.1013).

The Court overrules this objection. Chandler has not established that the Michigan Court of Appeals unreasonably applied clearly established federal law, specifically his right to a meaningful opportunity to present a complete defense. The Michigan Court of Appeals agreed with Chandler that the trial court abused its discretion when it denied requests for adjournment. (ECF No. 2-2 PageID.49-50). The Michigan Court of Appeals concluded that the trial judge erred when it excluded Chandler's expert witness (*id.* PageID.50-51). The Michigan Court of Appeals also found that the trial court erred when it excluded the testimony of two other foster parents (*id.* 51). As a result, the Michigan Court of Appeals considered the testimony elicited from the expert and the other foster parents that was part of the record following remand for an evidentiary hearing.

2. Chandler objects to the Magistrate Judge's "reliance on Mr. Chandler's wife as a source of a complete defense" (ECF No. 14 PageID.1014). Chandler identifies several reasons that her testimony was not a sufficient substitute for the testimony of the other foster parents.

The Court overrules this objection. The other foster parents, the Hamblins, testified at the evidentiary hearing and the Michigan Court of Appeals considered their testimony. The Magistrate Judge did not conclude that the wife's testimony provided a complete defense. The Magistrate Judge concluded that the Michigan Court of Appeals did not make a constitutionally unreasonable application of facts. To meet the actual prejudice standard, Chandler must show more than speculation and more than a reasonable possibility that the

Hamblins' testimony would have changed the outcome.  The Michigan Court of Appeals summarized the Hamblins' testimony, explained how that testimony would have been beneficial to Chandler at trial, and concluded that Chandler was able to make similar arguments at trial without the Hamblins' testimony.

3.  Chandler objects to the manner in which the Magistrate Judge resolved the challenge to the exclusion of the defense expert.  Chandler contends that the defense expert's testimony did not overlap with the testimony of the state's expert.  Chandler describes the testimony of the state's witness, a social worker: "repeated interviews with a child can help sharpen and recover their memories of abuse" (ECF No. 14 PageID.1014).  Chandler insists that he needed the defense expert to "rebut the state's misleading and incomplete presentation of forensic interviewing" (*id.* PageID.1015).  Chandler argues that the defense expert would have rebutted that testimony by explaining how the forensic interviews of the victim departed from best practices which heightened the risk of false accusations, including the risk associated with multiple interviews.

The Court overrules this objection.  First, the premise of Chandler's argument rests on facts that are simply not in the record.  The state's witness distinguished his area of expertise (therapy) from forensic interviewing (ECF No. 9-5 Trial Trans. PageID.367).  And, the state's witness never testified that repeated interviews with a child will sharpen and recover memories (*id.* PageID.367-372).  Second, the Magistrate Judge accurately summarized the manner in which the Michigan Court of Appeals resolved the challenge to the exclusion of the defense witness.  The Michigan Court of Appeals found that Chandler could not prove actual prejudice.  The court found that, at trial, defense counsel elicited testimony from the

state's witness that overlapped with the testimony of the defense expert at the evidentiary hearing. The Court agrees with the Magistrate Judge's conclusion that the Michigan Court of Appeals did not make a constitutionally unreasonable application of facts.

4. Chandler objects to the Magistrate Judge's conclusion that Chandler did not suffer actual prejudice. The Court overrules this objection. This particular objection overlaps completely with the prior objections. The Michigan Court of Appeals did not make constitutionally unreasonable determination of the facts.

5. Chandler objects to the Magistrate Judge's reliance on the state court's recitation of facts. The Court overrules this objection. The Magistrate Judge did not rely on the facts outlined in the opinion issued by the Michigan Court of Appeals. The Magistrate Judge provided a block quote from the opinion to provide context for the arguments raised in Chandler's petition. The Magistrate Judge then concluded that no constitutional error occurred. As part of this objection, Chandler does not allege that the state court opinion contained factual errors. The error allegedly occurred because of an omission of facts or testimony. Chandler then repeats his objection about the trial court's decision to exclude testimony from the Hamblins.

6. Chandler objects to the Magistrate Judge's omission of any recommendation for a certificate of appealability. The Court overrules the objection. This Court must consider whether to grant or deny a certificate of appealability when the Magistrate Judge does not make any such recommendation.

The Court **GRANTS** a Certificate of Appealability. Reasonable jurists could disagree with the manner in which the Michigan Court of Appeals resolved the claims that form the

basis for this habeas petition. Reasonable jurists could compare the cross examination of the victim at trial with the testimony from the Hamblins at the evidentiary hearing and conclude that Petitioner suffered actual prejudice when the trial court prevented the Hamblins from testifying. Similarly, reasonable jurists could compare the testimony from the state's expert at trial and the testimony from the defense expert at the evidentiary hearing and conclude that Petitioner suffered actual prejudice when the trial court precluded Petitioner from calling his expert at trial.

Accordingly, the Court **ADOPTS**, as its Opinion, the Report and Recommendation (ECF No. 13). The Court **GRANTS** a certificate of appealability. **IT IS SO ORDERED.**

Date:   February 23, 2023                             /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge